NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JERRY D. WOODS, *Petitioner*.

No. 1 CA-CR 14-0744 PRPC
FILED 1-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 0000-122853
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jerry D. Woods, San Luis
*Petitioner*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Michael J. Brown joined.

<hr>

**C A T T A N I**, Judge:

**¶1**        Jerry D. Woods petitions for review of the summary dismissal of his petition for writ of habeas corpus, which the superior court treated as a petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

**¶2**        In 1982, following a jury trial, Woods was convicted of first degree murder and armed robbery, and he was sentenced to life imprisonment without the possibility of release for 25 years and a consecutive 12-year prison term. The convictions and sentences were affirmed by the Arizona Supreme Court. *State v. Woods*, 141 Ariz. 446 (1984).

**¶3**        Woods has commenced multiple prior post-conviction relief proceedings since that time, all of which were unsuccessful. In 2014, Woods filed the instant petition (and supplemental petition) for writ of habeas corpus seeking relief from his sentence. The superior court properly treated the filings as requests for post-conviction relief, *see* Ariz. R. Crim. P. 32.3, and summarily dismissed the petition on the basis that Woods failed to state a claim that could be raised in an untimely and successive post-conviction relief proceeding. This petition for review followed.

**¶4**        Woods argues that the sentence imposed was excessive and unlawful. Specifically, he contends that the 12-year prison term imposed for his armed robbery conviction was excessive because it was based on an allegedly erroneous argument by the State and was greater than the presumptive sentence for that crime. He also argues that the sentence was contrary to the sentencing court's statement that a less-than-presumptive term was appropriate. He further asserts that the "extreme[ly] disproportionate sentence" received by his co-defendant underscores the excessiveness of his sentence.

**¶5**      This argument involves a claim for relief from an unlawful sentence under Rule 32.1(c). An untimely or successive petition for post-conviction relief, however, may not raise Rule 32.1(c) claims; only claims under Rule 32.1(d) (sentence expired), (e) (newly discovered evidence), (f) (no fault for failure to timely file notice of post-conviction relief), (g) (significant change in the law), or (h) (actual innocence) are cognizable in an untimely or successive petition. Ariz. R. Crim. P. 32.2(b), 32.4(a). And although Woods's petition includes a citation to Rule 32.1(d), the claim is premised on his assertion that he should have received a lesser sentence (which, if imposed, would have expired).

**¶6**      Woods also argues that the use of his juvenile record during a hearing violated due process. This Rule 32.1(a) claim asserting a constitutional violation similarly may not be raised in an untimely or successive petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.2(b), 32.4(a).

**¶7**      Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA